# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1605V
UNPUBLISHED

|  |  |
|---|---|
| EVELYN HANEY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 10, 2024 |

*Celia F. Hastings*, Milberg Coleman Bryson Phillips Grossman, Knoxville, TN, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 18, 2023, Evelyn Haney filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act").[2] Petitioner alleges that she suffered a shoulder injury due to a Pneumovax 23 (pneumococcal polysaccharide) vaccination she received on September 18, 2020.  ECF No. 1 at 1; exhibit 2 (vaccination receipt).

On September 18, 2023, I issued an Order to Show Cause for why Petitioner's claim should not be dismissed for lack of jurisdiction over the vaccine in question. ECF No. 5. The order explained that to receive compensation under the Vaccine Act, petitioners must show that they received a vaccine set forth in the Vaccine Injury Table (the "Table"). *See* § 11(c)(1)(A); 42 C.F.R. § 100.3. "There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]. The polysaccharide vaccine is distributed under the brand name Pneumovax." *Bundy v. Sec'y of Health & Human Services*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program. *Id.; see Morrison v. Sec'y of Health & Human Services,* No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table). Thus, pneumococcal polysaccharide vaccines are not included on the Table and are not compensable in the Vaccine Program.

On November 13, 2023, Petitioner filed a response to the Order to Show Cause. ECF No. 12. Petitioner stated that her "attorney mistakenly identified Petitioner's Pneumovax 23 vaccine as causing a 'Table Injury' compensable under the vaccine injury program. Petitioner is actually alleging a non-Table injury caused in fact by administration of the Pneumovax 23 vaccine." *Id.* Petitioner attached a proposed amended petition that no longer identified her shoulder injury as a "Table Injury."

Petitioner's response to the Order to Show Cause reveals some confusion about the jurisdictional defect identified in the Order. To clarify, a vaccine claim based on a vaccine not listed in the Vaccine Injury Table, such as the pneumococcal polysaccharide vaccine in this case, cannot receive compensation in the Vaccine Program regardless of how the injury was pleaded, as an on-Table or off-Table injury.[3] To remedy her petition and avoid dismissal, Petitioner would have had to establish that she in fact received a vaccine listed on the Vaccine Injury Table, 42 C.F.R. § 100.3.

However, because Petitioner received a pneumococcal polysaccharide vaccine, this claim is not covered by the Vaccine Program and she cannot receive compensation based on this vaccine.

Petitioner has failed to establish that she received a vaccine covered by the Vaccine Program. **Accordingly, this case is DISMISSED. The clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

                                                            **s/Brian H. Corcoran**
                                                            Brian H. Corcoran
                                                            Chief Special Master

---

[3] Whether Petitioner suffered an injury listed on the Vaccine Injury Table is not a jurisdictional issue that would warrant an Order to Show Cause. If Petitioner received a vaccine listed on the Table, Petitioner could allege an injury listed on the Table (an "on-Table" injury), which would entitle Petitioner to the presumption of causation, or allege an injury not listed on the Table (an "off-Table" injury) which would require Petitioner to present evidence of causation.

[4] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."